UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-CR-20169-MARTINEZ

UNITED STATES OF AMERICA

*Plaintiff,*

**v.**

**ANDRES PORFIRIO RODRIGUEZ,**

*Defendant.*
_____/

## SENTENCING MEMORANDUM AS TO DEFENDANT, ANDRES PORFIRIO RODRIGUEZ

**COMES NOW** the Defendant, ANDRES PORFIRIO RODRIGUEZ, by and through undersigned counsel, and the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and the United States Constitution, hereby files his sentencing memorandum. In support of this memorandum, Mr. Rodriguez sets forth the following statement of facts and legal arguments:

1.  In United States v. Booker, 125 S. Ct. 738 (2004), the Supreme Court held that the United States Sentencing Guidelines, as written, were unconstitutional. The Court created its own remedy by excising those portions of the Federal sentencing statutes which made the guidelines mandatory in order to satisfy the Sixth Amendment to the United States Constitution. The Supreme Court held that "the Sixth Amendment right to trial by jury is violated where, under a mandatory guideline system, the sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by

the defendant, nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005).

2. The Supreme Court's remedial holding in Booker mandates District Courts to calculate and apply the guidelines as they now exist, but a Booker error occurs when the District Court misapplies the guidelines by considering them binding, as opposed to advisory. United States v. Shelton, 400 F.3d 1325, 1330-1331 (11th Cir. 2005).

3. The key to any departure within the present advisory guideline scheme is whether or not such a departure is unreasonable. On January 13, 2006, in United States v. Williams, 435 F.3rd 1350 (11th Cir. 2006), the Court affirmed a ninety (90) month sentence which was less than half of the lowest sentence within the Advisory Guidelines Range of 188 to 235 months, finding that this was a reasonable sentence.[1]

4. The Supreme Court again recognized in 2009 that lower courts were (still) placing too much weight and emphasis on the advisory sentencing guidelines. In Spears v. United States, 555 U.S. 261 (2009), the Court emphasized that lower courts are in no way bound to apply the sentencing guidelines and can impose a sentence lower than the guidelines even if that sentence is based solely on the district court judge's disagreement with them [the guidelines]. The Court wrote:

> "Even when a particular defendant…presents no special mitigating circumstances…no outstanding service to the country or [the] community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation, a sentencing

---

[1] Significantly, the Eleventh Circuit has held that a guideline sentence is not *per se* a reasonable sentence.

court may nonetheless vary downward from the advisory guideline range…[The] only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines."

5. The following year, in Nelson v. United States, 555 U.S. 350 (2009), the Court reversed the Fourth Circuit for affirming a guidelines sentence and noted the district court judge's assertion at sentencing that "[the] guidelines are considered presumptively reasonable…unless there's a good reason in the [application of] 3553(a) factors…the guideline sentence is the reasonable sentence." The Supreme Court explained that: "[T]he Guidelines are not only ***not mandatory on sentencing courts; they are also not to be presumed reasonable.*** (Emphasis added). We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error." Id. The District Court further concluded that Williams was overruled by Kimbrough, and that sentencing courts in this circuit are free to disagree with the sentencing guidelines on policy grounds. Id. at 1376.

Applicability of Variance Under 3553(a)

8. Mr. Rodriguez presents the below in accordance with Title 18, USC, § 3553(a) which states in its entirety that:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994 (a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28);

(5) any pertinent policy statement—
(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and
(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.[1]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

9. District courts are only required to give some weight to the advisory guidelines as they are to also consider § 3553 factors. U.S. v. McBride, 511 F.3D 1293 (11th Cir. 2007).

10. As such, Mr. Rodriguez, without regurgitating information already contained in the Pre-Sentence Investigation Report proposes that the sentencing goals can be accomplished by looking to the guidelines, PSIR, applicable case law, and §3553 factors. Mr. Rodriguez requests a reasonable but not greater than necessary sentence; in furtherance thereof, Mr. Rodriguez asks the court to consider the following Title 18, USC, § 3553(a) factors:

Nature and Characteristics of the Offense and Defendant:

 Mr. Rodriguez's offense conduct is contained in the PSIR, and the Defendant's Responses/Objections to the PSIR [D.E. 250]. Specifically, the 6 level enhancement under 2A4.1(b)(1) for a ransom demand is not based on any empirical data or national experience, and thus; under the facts of this case only, the court may choose not to find that the enhancement is applicable because" 1) Mr. Rodriguez removed himself voluntarily from the conspiracy, 2) Mr. Rodriguez was not a party to nor was he going to benefit from a ransom demand, 3) Mr. Rodriguez prevented physical harm from taking place against the victim on this matter, 4) although the demand for ransom may have been foreseeable, Mr. Rodriguez was not going to gain financially from the ransom. Mr. Rodriguez is aware and understands that several cases from this Circuit can be interpreted to support the 6 level enhancement;

however, the defendants in those cases did not voluntarily withdraw from the conspiracy, see, U.S. v. Ferreira, 275 F.3d 1020 (11th Cir. 2001); U.S. v. Torrealba, 339 F.3d 1238 (11th Cir. 2003); U.S. v. Digiorgio, 193 F.3d 1175 (1999).

Judges "may vary [from guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines," Kimbrough v. United States, 552 U.S. 85, 101 (2007) (internal quotation marks omitted), particularly when the Commission did not act in "the exercise of its characteristic institutional role," i.e., did not base a guideline on "empirical data and national experience." Id. at 109. The courts of appeals may not "grant greater factfinding leeway to [the Commission] than to [the] district judge." Rita v. United States, 551 U.S. 338, 351, 357 (2007).

12. Finally, Mr. Rodriguez's character is touched upon by the letters filed in support of his sentencing.

The Need for the Sentence Imposed:

13. Mr. Rodriguez through counsel will present additional rationale for the need to impose a below guideline sentence; however, there is minimal concern that a below guideline sentence would fail to protect the public from future crimes of the Defendant. Mr. Rodriguez has a criminal history category of zero as reflected in the PSIR. As such, a lesser sentence will generally lower the rate of recidivism of the offender. Recently, in December 2017, the United States Sentencing Commission released their study that indicates a man of Mr. Rodriguez's age produces one of the lowest recidivism rates of almost all federal offenders with a similar criminal history and similar charged offense. Other studies released

by the Commission also support a greatly reduced risk of recidivism for the 25,000 offenders that have been followed in the study since their release dates in 2005. A list of publications reviewed by undersigned can be found at:

- https://www.ussc.gov/research/research-reports/recidivism-among-federal-offenders-comprehensive-overview
- https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf
- https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders

The Need to Protect the Public from Future Crimes of the Defendant:

14.     Many factors regarding recidivism rates pursuant to the 2016 United States Sentencing Commission Study indicate that Mr. Rodriguez is in one of the lesser likely offenders to be rearrested or reconvicted. Mr. Rodriguez's age is a primary factor that indicates a lower rate of recidivism along with the nature of the offense. Recidivism and Offender Characteristics Studies have repeatedly shown that older offenders at sentencing are at lower risk for reoffending, and the Commission's research confirms these findings. Age at release also is associated with different rates of recidivism. The older the age group, the lower the rearrest rate. The same pattern holds for reconviction and reincarceration. In fact, criticism of the application of the career offender guideline has come straight from the United States Sentencing Commission itself. Id.

<u>U.S. v. Andres Porfirio Rodriguez; 15-cr-20169-JEM</u>

<u>The Kind of Sentences Available/Sentencing Range, and The Need to Avoid Unwarranted Sentence Disparities:</u>

15. The Court should exercise its discretion in this matter to grant a variance or depart downward to allow for reasonable and not greater than necessary sentence under the unique circumstances in this particular case. The Court after consideration of the PSIR and other documentation should consider that a sentenced below the guideline range is appropriate when considering just the facts of this case and the nature and circumstances of this particular defendant. Mr. Rodriguez's early developmental years are described very specifically in the PSIR and was supported by his family members as confirmed by the United States Probation Office. In examining the sentencing table and the other § 3553 factors above and below, departure or variance is warranted.

<u>Other Title 18, USC, § 3553(a) Factors to be Considered:</u>

16. Additional argument under 3553(a) will be made O*re Tenus*, but Mr. Rodriguez is a 53-year-old male who has a young daughter and has been in a long term relationship with Ms. Roig for close to a decade. He is looked upon by her grandchildren as a grandfather figure where he has shown his true kind nature to the family. Mr. Rodriguez's life is not the sum of the events that brings him in front of this court for sentencing.

### **CONCLUSION & RECOMMENDATION**

17. Mr. Rodriguez appears before the Court after having pled guilty to a violation of 18 U.S.C. § 956(a)(1), Conspiracy to Kidnap a Person in a Foreign Country, a Class A

U.S. v. Andres Porfirio Rodriguez; 15-cr-20169-JEM

Felony. He has accepted full responsibility for his actions; further, Mr. Rodriguez requests the court determine an appropriate sentence that is supported by all relevant factors.

18. Ms. Rodriguez respectfully asks this Court to impose a sentence below the advisory guideline range that is "reasonable but not greater than necessary" based on the United States Sentencing Guidelines, the advisory guideline range, PSIR, the Objections thereto, the Sentencing Memorandum, the Plea Agreement, applicable case law cited, and Title 18 USC § 3553(a); Further, Mr. Rodriguez asks this Court to consider the trend in federal sentencing law, as demonstrated most recently by the signing into law of the FIRST STEP Act[2], that there is understanding that lengthy prison sentences for non-violent drug offenders is inappropriate. Mr. Rodriguez suggests that a sentence well below the guideline range is appropriate under the facts of this particular case, the policy's underlying the sentencing guidelines, the lack of empirical data used in formulating those guidelines, and when examining this particular defendant's relevant conduct and this particular defendant's history.

Respectfully submitted,

**PRIETO LAW FIRM**
The White Building
One N.E. 2nd Avenue, Suite 200
Miami, FL 33132
Phone: (305) 577-3440
Fax:    (305) 358-2503
frank@frankprietolaw.com

---

[2] A close reading of the First Step Act leaves one with the distinct impression that the current version of the United States Sentencing Guidelines must be amended to reflect the passage of the Act. Specifically, § 5C1.2 is now at odds with the amendments made to 18 U.S.C. § 3553(a) under the Act that delineates the applicability and criteria for "safety valve." There is no reason not to expect additional amendments to reflect other changes in the Act that address minimum mandatory drug sentences and perhaps even the career offender sections of the U.S.S.G. (§ 4B1.1 and § 4B1.2)

U.S. v. Andres Porfirio Rodriguez; 15-cr-20169-JEM

## CERTIFICATE OF SERVICE

I HEREBY certify that on this **25th of November 2019,** I electronically filed the foregoing document with Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

                              By:    */s/Frank A. Prieto*
                                      FRANK A. PRIETO, ESQ.
                                      Florida Bar No.: 514071